IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD M. SALAZAR,

     Plaintiff,                             No. CIV S-10-1033 MCE EFB PS

     vs.

GARY LOCKE, United States             ORDER
Secretary of Commerce,

     Defendant.
_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Plaintiff requests authority to proceed in this Title VII action *in forma pauperis*, and has submitted an affidavit which demonstrates that plaintiff is unable to prepay fees and costs or give security thereof. Dckt. No. 3. Accordingly, the request to proceed *in forma pauperis* will be granted. *See* 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."). Plaintiff will not be required to pay the filing fee and the U.S. Marshal will be directed to effect service of process in this action. *See* Fed. R. Civ. P. 4(c)(3).

////

1

1  Plaintiff also requests appointment of counsel.  Dckt. No. 2.  Title VII authorizes the
2 appointment of counsel "[u]pon application by the complainant and in such circumstances as the
3 court may deem just."  42 U.S.C. § 2000e-5(f)(1).  In reviewing such an application, a "court is
4 required to assess: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to
5 secure counsel, and (3) whether the plaintiff's claim has merit."  *See Bradshaw v. Zoological*
6 *Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (citing *Caston v. Sears, Roebuck & Co.*,
7 556 F.2d 1305, 1308-10 (5th Cir. 1977); *Luna v. Int'l Ass'n of Machinists & Aerospace Workers*,
8 614 F.2d 529, 531 (5th Cir. 1980)).  "The plaintiff has the burden of persuasion as to all three
9 factors, and an unfavorable finding as to any one factor is fatal to his request."  *Miljkovic v.*
10 *Univ. of Haw.*, 2010 WL 346450, at *1 (Jan. 27, 2010 D. Haw.) (citing *Caston*, 556 F.2d at
11 1310; *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992); *Darden v. Ill.*
12 *Bell Tel. Co.*, 797 F.2d 497, 501 (7th Cir. 1986)).

13  In his request for counsel, plaintiff simply states that he cannot afford the services of an
14 attorney.  Dckt. No. 2.  Plaintiff does not indicate what efforts, *if any*, he has made to secure
15 counsel.  *See Bradshaw*, 662 F.2d at 1319 (noting that a plaintiff must show "diligence in her
16 efforts to secure counsel").  Additionally, while plaintiff's complaint may make out a prima facie
17 case of retaliation under Title VII, which requires a plaintiff to show "(1) involvement in a
18 protected activity, (2) an adverse employment action and (3) a causal link between the two,"
19 *Coons v. Sec'y of U.S. Dep't of Treasury,* 383 F.3d 879, 887 (9th Cir. 2004), plaintiff's
20 complaint does not indicate whether plaintiff exhausted his administrative remedies by filing a
21 timely charge with the EEOC, thereby affording the agency an opportunity to investigate the
22 charge, *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C.
23 § 2000e-5(b)).  Therefore, plaintiff's request for counsel will be denied without prejudice.
24 ////
25 ////
26 ////

2

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis*, Dckt. No. 3, is granted.

2. Plaintiff's request for counsel, Dckt. No. 2, is denied without prejudice.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff two USM-285 forms, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes and the court's voluntary dispute resolution program.

5. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant;

    c. A copy of the complaint for each defendant, with an extra copy for the U.S. Marshal; and,

    d. A copy of this court's scheduling order and related documents for each defendant.

6. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and *shall, within 14 days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal*.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

1       8.  The Clerk of Court shall serve a copy of this order on the United States Marshal, 501

2 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

3 DATED:  May 3, 2010.

                                          EDMUND F. BRENNAN
                                          UNITED STATES MAGISTRATE JUDGE

4