IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD M. SALAZAR,

    Plaintiff,                            No. CIV S-10-1033 MCE EFB PS

    vs.

GARY LOCKE, United States Secretary of Commerce,          ORDER

    Defendant.
_____/

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On September 7, 2010, defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 8(a) for failure to provide a short and plain statement of plaintiff's claim for relief. Dckt. No. 10. The motion was noticed for hearing on October 13, 2010. *Id.* For the reasons stated herein, defendant's motion will be granted, and the hearing on the motion will be vacated.

    Defendant argues in its motion to dismiss that, although plaintiff's complaint appears to allege retaliation by the U.S. Census Bureau in connection with plaintiff's Equal Employment Opportunity ("EEO") activity, plaintiff's complaint "consists primarily of a five-page narrative of plaintiff's interactions with the U.S. Census Bureau." Dckt. No. 10-1 at 5. Defendant

1

contends that although plaintiff alleges he was retaliated against for EEO activity, "he does not identify what that activity was or when it occurred." *Id.* Further, defendant argues that "[o]f greater concern is the style of the complaint, which makes it difficult to determine where one series of allegations ends and another begins. Because the complaint does not provide a clear and concise factual statement sufficient to inform defendant with reasonable definiteness about plaintiff's claims, defendant is unable to respond to the complaint with any degree of sufficiency." *Id.*

Plaintiff opposes the motion, arguing that his complaint "does provide a short and plain statement" that gives defendant fair notice of [his] claim (Title VII violations), and the grounds for it (ongoing retaliation)." Dckt. No. 12 at 3; Dckt. No. 14-1 at 4. He further argues that his complaint is clear and concise since it is "a summary of [his] affidavits in the Reports of Investigation conducted by the Department of Commerce." Dckt. No. 12 at 1.

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff still must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Here, although plaintiff's complaint makes it clear that he is alleging a retaliation claim under Title VII, the complaint consists of a lengthy narrative and does not separate out specific factual allegations in a manner that would permit defendant to respond to those allegations. Therefore, plaintiff's complaint will be dismissed. However, plaintiff will be granted leave to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints). In the amended complaint, plaintiff shall identify the EEO activity that is the source of the alleged retaliation, and he shall separate each factual allegation in his complaint

into its own paragraph, so that defendant can answer the allegations in that paragraph.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss, Dckt. No. 10, is granted with leave to amend;

2. The October 13, 2010 hearing on defendant's motion is vacated; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: October 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE