1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD M. SALAZAR,

     Plaintiff,                              No. CIV S-10-1033 MCE EFB PS

     vs.

GARY LOCKE, United States             ORDER
Secretary of Commerce,

     Defendant.
                                   /

     This Title VII case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On April 18, 2011, the parties filed a stipulation and proposed order regarding the disclosure of certain documents that plaintiff has requested through discovery and that defendant contends are covered by the Privacy Act, 5 U.S.C. § 552a. Dckt. No. 21 at 1. Specifically, "plaintiff requested production of: . . . , the Selectee for AF-07-27DR-PS-03, and AF-07-27DR-PS-04, [the] complete [job] application[s] for [each of] these [two] positions." *Id.* The stipulation contends that the documents requested are "relevant to the subject matter involved in plaintiff's case" and "appear reasonably calculated to lead to the discovery of admissible evidence." *Id.* Additionally, the stipulation contends that "the Court would find good cause for protected disclosure of the requested documents." *Id.* at 2. Therefore, the parties

1

stipulated to a procedure for producing the documents in a way that minimizes the privacy invasion; specifically, by redacting the job applicant's personal identification information, limiting the disclosure of the documents to those involved in this lawsuit, prohibiting the documents from becoming of public record, and requiring all copies of the documents be returned to defendant's counsel at the conclusion of the case. *Id.*

The stipulation and proposed order does not indicate whether notice has been provided to the job applicants whose documents are at issue or whether those applicants have consented to the disclosure. *See* 5 U.S.C. § 552a(b). Also, although the stipulation and proposed order does not specifically state that the parties are seeking a court order pursuant to 5 U.S.C. § 552a(b)(11) authorizing the production of information protected by the Privacy Act, it also does not state that any of the other conditions for disclosure provided in § 552a(b) are applicable. Therefore, it appears that the parties intend to use the stipulation and proposed order as an order under § 552a(b)(11).

Section 552a(b) provides: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be – . . . (11) pursuant to the order of a court of competent jurisdiction . . . ." Although neither § 552a nor its legislative history specifies the standards for issuance of a court order under § 552a(b)(11), courts issuing such orders typically do so only upon a finding that the documents to be disclosed are relevant, and may also impose a requirement that the individual being affected by the disclosure be given notice. *See Laxalt v. McClatchy*, 809 F.2d 885, 889, 890 (D.C. Cir. 1987) ("Procedurally, then, when the District Court considers a request for a Privacy Act order in the discovery context it must consider the use of protective orders and the possibility of in camera inspection. It should also consider, in its discretion, the wisdom of notifying the affected parties."); *Hassan v. United States,* 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006) ("Even where information is subject

to the protections of the Privacy Act of 1974, 'a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, the test of discoverability is the relevance standard of Rule 26(b)(1) of the [Federal Rules of Civil Procedure].'"); *Perry v. State Farm Fire & Cas. Co.,* 734 F.2d 1441, 1447 (1984) ("Under 5 U.S.C.A. § 552a(b), government agencies can release information about individuals only under certain circumstances.  Release is allowed when a court of competent jurisdiction so orders. . . .  Requests for court orders under § 552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure.").

Here, although the parties stipulate that the documents requested are relevant to plaintiff's claims and the documents do appear to be relevant to plaintiff's claims, and although the parties' proposed protective order significantly limits the dissemination of the job applicants' private information, the undersigned finds that the job applicants should be notified of the potential disclosure of their private information and should be given an opportunity to object or consent to that disclosure.  Therefore, the stipulation and order will not be signed at this time.

Instead, defendant will be directed to serve a copy of the parties' stipulation and proposed order, Dckt. No. 21, as well as a copy of this order, on the two job applicants whose documents are at issue.  If either of those applicants opposes the court's approval of the stipulation and proposed order, including the order for disclosure of documents under § 552a(b)(11), he or she will be given an opportunity to file an opposition to that stipulation and proposed order.  If no opposition is filed by either of the applicants, the parties will be directed to re-file their stipulation and proposed order, which shall include an explanation regarding the notice provided to the two applicants at issue.

Accordingly, IT IS ORDERED that:

1. On or before April 25, 2011, defendant shall serve a copy of the parties' stipulation and proposed order, Dckt. No. 21, as well as a copy of this order, on the two job applicants

3

1  whose documents are at issue.

2      2.  If either of the job applicants whose documents are at issue opposes the court's
3  approval of the stipulation and proposed order, including the order for disclosure of documents
4  under § 552a(b)(11), he or she may file an opposition to that stipulation and proposed order on or
5  before May 4, 2011.

6      3.  If no opposition is filed by either of the applicants, the parties shall re-file their
7  stipulation and proposed order on or before May 6, 2011, which shall include an explanation
8  regarding the notice provided to the two applicants at issue.

9  DATED: April 20, 2011.

                EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

4