1  BENJAMIN B. WAGNER
   United States Attorney
2  BOBBIE J. MONTOYA
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814-2322
4  Telephone: (916) 554-2775

5  Attorneys for Defendant

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11 EDWARD M. SALAZAR,                )      Case No. 2:10-CV-01033-MCE-EFB
                                     )
12                  Plaintiff,       )      PROTECTIVE ORDER
                                     )
13        v.                         )
                                     )
14 GARY LOCKE, Secretary of Commerce,)
   U.S. Department of Commerce,      )
15                                   )
                    Defendant.       )
16 _____ )

17        Based on the facts set forth in the stipulation between the parties filed herein, Doc. #23, the

18 Court FINDS as follows:

19        1.  On March 25, 2011, plaintiff served on counsel for defendant Plaintiff's Good Faith

20 Effort for Discovery Request.  Therein, plaintiff requested production of:

21            . . . , the Selectee for AF-07-27DR-PS-03, and AF-07-27DR-PS-04,
              [the] complete [job] application[s] for [each of] these [two] positions.
22

23        2.  Defendant objects to producing the requested documents because the documents raise

24 personal privacy interests and issues of confidentiality that are covered by the Privacy Act, 5 U.S.C.

25 § 552a.

26        3.  While the requested documents may not be admissible at trial, they meet the standard set

27 forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, as they are relevant to the subject

28 matter involved in plaintiff's case herein, as they appear reasonably calculated to lead to the

Protective Order                              1

discovery of admissible evidence.  Accordingly, the Court would find good cause for protected

disclosure of the requested documents.

4.  On April 21, 2011, in accordance with the Court's April 20, 2011 Order, Doc. #22,

defendant served copies of the Job Application forms at issue, the April 18, 2011 Stipulation for

Protective Order, the proposed Protective Order and the April 20, 2011 Order on the job

applicant/selectee.  Stipulation for Protective Order, Exhibit A, Doc. #23-1.  A cover letter informed

the job applicant that if he opposed the disclosure of his job application forms in accordance with the

proposed Protective Order, he must file with the Court his opposition to the stipulation and proposed

order on or before May 4, 2011, the deadline set forth in the April 20, 2011 Order.  Stipulation for

Protective Order, Doc. #23, at ¶ 6.

5.  No opposition to the stipulation and proposed order was filed with the Court by the

May 4, 2011 deadline.

Based on the foregoing, the Court hereby ORDERS defendant's protective disclosure of the

protected documents to plaintiff, upon which the following protective provisions shall be

immediately and strictly adhered to:

1)      A copy of the protected documents are to be produced to plaintiff, redacted of the job

applicant's personal identification information, *e.g.*, addresses, phone numbers, social

security number, date of birth, etc.

2)      No protected document is to be disclosed outside of this lawsuit -- each and every

protected document is to remain completely and fully confidential except between the

parties to this lawsuit, their counsel, and counsels' staff; disclosures outside of this

lawsuit are permitted only as reasonably needed for purposes of litigating this case,

and only after communicating any intended disclosure to the opposing party or, if

represented, to their counsel, to discuss potential alternatives to disclosure.

3)      No protected document is to become of public record; *i.e.*, no protected document or

copy thereof shall be filed with the court in any manner or context, and no protected

document shall be identified or made an exhibit at trial except as otherwise ordered

by the trial judge after motions *in limine*.

4)      At the conclusion of this case and any ensuing appeal, all copies of any protected

document made available to plaintiff, or which may otherwise be in plaintiff's

custody, immediately shall be turned over to defendant's counsel for immediate

destruction.

Any party who violates these protective provisions without first having obtained prior written

approval from the Court shall be subject to sanctions from the Court.

IT IS SO ORDERED.

DATED:  May 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Protective Order

3